# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.1:15-cv-20435

**NETTALK.COM, INC., a Florida corporation,**

        **Plaintiff,**

**v.**

**TELESTRATA, LLC, a Colorado limited liability company,**

        **Defendant.**

---

## NOTICE OF REMOVAL

---

TO:      The Honorable Judges of the United States District Court for the Southern District of Florida:

COMES NOW Defendant TELESTRATA, LLC ("Telestrata"), and pursuant to 28 U.S.C. § 1446, 28 U.S.C. § 1441, and 28 U.S.C. § 1332, appearing solely for purposes of filing this notice, reserving all rights, defenses, exceptions and claims and without waiver thereof, hereby removes to this Court the state-court action described in paragraph 1 below, and identifies that the claims asserted herein by Plaintiff NetTALK.com, Inc. ("NetTALK") are compulsory counterclaims which should have been asserted in the pending action *Telestrata, LLC v. NetTALK.com, Inc., et al.*, case number 1:14-CV-24137-JLK (S.D.Fla.). In support thereof, Telestrata respectfully states as follows:

## THE ACTION

1.      The removed case is a civil action commenced on December 24, 2014 now pending in the Circuit Court of 11th Judicial Circuit in and for Miami-Dade County, State of Florida, with the parties named and aligned as stated in the caption of this document.  The action is designated as Civil Action No. 13-2014-CA-032325-000001 on the state court's docket.

2.      Telestrata was served with a copy of the Complaint and Replacement Summons on January 15, 2015.

3.      This removal is being filed in this Court within thirty (30) days of receipt of the Complaint by Telestrata in accordance with 28 U.S.C. § 1446.

4.      This civil action falls under this Court's original jurisdiction under 28 U.S.C. §1332 (diversity of citizenship) and is one that may be removed to this Court by Telestrata in accordance with the provisions of 28 U.S.C. § 1441 et seq.

5.      Plaintiff has filed suit here against Telestrata, asserting a claim to quiet title to certain real estate located in Miami-Dade County, Florida, asserting that a mortgage recorded against NetTALK's real estate signed by NetTALK's President (as security for a loan made by Telestrata to NetTALK) is invalid.  NetTALK also asserts a second claim for relief seeking damages from Telestrata for alleged slander of title for NetTALK's President having recorded that mortgage.

6.      Prior to the initiation of this removed action, however, Telestrata brought suit against NetTALK and other defendants on November 5, 2014 in that certain civil action *Telestrata, LLC v. NetTALK.com, Inc., et al.*, case number 1:14-CV-24137-JLK, also pending in the United States District Court for the Southern District of Florida.  Among other claims in that

case, Telestrata brings a claim against NetTALK for imposition of an equitable lien and ratification of that same mortgage that is also the subject of the removed action here.  On December 3, 2014, NetTALK sought and received a forty-five day extension to respond to the complaint in the pending federal action.  Rather than answer the claim in the federal case for imposition of an equitable lien, however, NetTALK chose to file the state court action now being removed.  NetTALK still has not answered or otherwise responded to the claim for an equitable lien in the other pending federal action.

7.       Pursuant to 28 U.S.C. § 1446, attached hereto as Exhibits 1-2 are copies of all process, pleadings, and orders served upon or otherwise received by Telestrata in the removed action.

### DIVERSITY JURISDICTION

8.       Federal district courts have original jurisdiction of civil actions when there is diversity between the Plaintiff and Defendant, and where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

**A.       Diversity of Citizenship**

9.       As alleged in the Complaint, Plaintiff NetTALK.com, Inc. is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Florida.  See Exhibit 1, ¶ 3.

10.      Telestrata is a Colorado limited liability company whose principal offices are located in Colorado.  *See* Exhibit 1, at ¶ 4.

11.      When determining citizenship of a limited liability company for removal purposes, "[a] limited liability company is a citizen of any state of which a member of the

company is a citizen." *Rolling Greens MHP. L.P. v. Comcast SCH Holdings. L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004).

12.     Telestrata has two members, Samer Bishay and Dr. Nadir AlJazrawi.  Mr. Bishay is a citizen of Canada, residing in Toronto, Ontario, Canada, and Dr. AlJazrawi is and at all relevant times has been a citizen of Canada, residing in Mississauga, Ontario, Canada.

13.     Because Telestrata's two members are not citizens of Florida, and are of different citizenship than the Plaintiff, there exists complete diversity of citizenship between Plaintiff NetTALK and Defendant Telestrata in this case.

        **B.      Amount in Controversy**

14.     As stated in Plaintiff's Complaint, Plaintiff seeks damages from Telestrata in excess of $3,000,000.00.  *See* Exhibit 1, at ¶¶ 21, 26.

15.     Therefore, as required by 28 U.S.C. §§ 1446(b)(3), based upon NetTALK's alleged damages, the amount in controversy exceeds the jurisdictional sum of $75,000.00, exclusive of interests and costs.

## PROCEDURAL NOTICE

16.     As required by 28 U.S.C. § 1446(a), the following documents are attached hereto and are incorporated herein by reference:

**Exhibit 1:**     Plaintiff's Complaint asserting causes of action filed in the state court, and Summons dated January 14, 2015 as served upon Telestrata; and

**Exhibit 2:**     The docket sheet of the state-court action, as of February 4, 2015.

17.     Removal of this action to this Court is proper under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the district within which the removed state-court

action was pending.  This District is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a).

18.     Promptly after filing this Notice of Removal with this Court, Telestrata will give written notice of the removal to all adverse parties, and will file a copy of its Notice of Removal with the Circuit Court of 11th Judicial Circuit in and for Miami-Dade County, State of Florida. See 28 U.S.C. § 1446(d).

19.     Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE Defendant Telestrata, LLC hereby removes this action to this Court for all further proceedings.

Respectfully submitted this 4th day of February, 2015.


                    /S/ MATTHEW C. MARTIN
GAEBE, MULLEN, ANTONELLI & DIMATTEO
Matthew C. Martin, Esq.
420 South Dixie Highway, Third Floor
Coral Gables, FL 33146
mmartin@gaebemullen.com

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on the 4th day of February, 2015, I electronically filed this NOTICE

OF REMOVAL with the Clerk of Court using the CM/ECF system, and served upon the

following via United States Mail, first class, postage prepaid:

Sichenzia Ross Friedman Ference LLP
Matthew P. Canini, Esq.
61 Broadway, 32nd Floor
New York, NY  10006
*Attorneys for Plaintiff*


                                                    /S/ MATTHEW C MARTIN